IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rare Coin Enterprises Limited,                    Case No. 3:05 CV 7473

                    Plaintiff,            MEMORANDUM OPINION
                                        AND ORDER
      -vs-
                                              JUDGE JACK ZOUHARY

Mark Chrans,

                    Defendant.

      This matter is before the Court on the Motion of Plaintiff Rare Coin Enterprises Limited (Rare Coins) to dismiss certain counts in Defendant Mark Chrans' (Chrans) First Amended Counterclaim. For the reasons stated at the telephone hearing on August 10, 2006, and below, Plaintiff's Motion is granted.

      Chrans has set forth three causes of action in his First Amended Counterclaim: (1) breach of contract; (2) fraudulent inducement; and (3) breach of fiduciary duty. Plaintiff argues that the claims for fraudulent inducement and breach of fiduciary duty are time barred by the four-year statute of limitations. Plaintiff also claims that Defendant's request for an accounting is not an available form of relief for the remaining breach of contract claim.

## CHRANS' CLAIM FOR FRAUDULENT INDUCEMENT IS TIME BARRED

      The parties do not dispute that the claim for fraudulent inducement is subject to the four-year statute of limitations set forth in R.C. 2305.09(C). The statute begins to run when Chrans is on notice

of the alleged facts giving rise to his claim. *Craggett v. Adell*, 92 Ohio App.3d 443, 454 (1993). Chrans alleges that he was induced to execute an amended agreement when certain oral misrepresentations were made to him beginning in October 1999, and that he was entitled to certain information and accountings every six months during his agreement (Amended Counterclaim ¶¶ 33-34). Therefore, Chrans was aware, or should have been aware, of the alleged fraud well before April 10, 2002 (four years prior to the filing of the Amended Counterclaim on April 10, 2006).

## CHRANS' CLAIM FOR BREACH OF FIDUCIARY DUTY IS TIME BARRED

Again, there is no dispute that the claim for breach of fiduciary duty is subject to the four-year statute of limitations set forth in R.C. 2305.09(D). There is no discovery rule to toll this statute of limitations. *Helman v. EPL Prolong*, 139 Ohio App.3d 231, 249 (2000). Defendant claims that the fiduciary duty was breached by certain conduct which took place in 1999 (First Amended Counterclaim ¶¶ 45-46). The statute of limitations therefore ran well before the First Amended Counterclaim was filed in April 2006.

## CHRANS' REQUEST FOR AN ACCOUNTING IS NOT AN AVAILABLE FORM OF RELIEF

Defendant requests an accounting in the First Amended Counterclaim as part of his claim for relief (First Amended Counterclaim p. 13). However, an accounting is not a remedy for breach of contract action, but rather rises out of an action for breach of fiduciary duty or other trust relationship between the parties. *Dunn v. Zimmerman*, 69 Ohio St.3d 304, 309 (1994). Because the only count remaining is the breach of contract claim, this claim for relief must be dismissed. The Court notes, however, that Chrans is certainly entitled during the course of discovery to what will essentially be an accounting by Plaintiff. Chrans correctly notes that certain allegations in the Complaint itself will

2

require that Plaintiff document "operational and transactional losses" in order to determine whether repayment of those losses is appropriate.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss (Docket No. 14) is granted. Counts Two (Fraudulent Inducement) and Three (Breach of Fiduciary Duty) of Defendant's First Amended Counterclaim are dismissed and Defendant's request for an accounting is also dismissed. Further, Plaintiff's Motion to Dismiss (Docket No. 6) is moot and therefore dismissed.

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

August 16, 2006